# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROBERT WILLIAMS, | No. 4:19-CV-00918 |
|---|---|
| Plaintiff, | (Judge Brann) |
| v. | |
| J. WETZEL, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

**JANUARY 10, 2020**

Plaintiff Robert Williams, a prisoner presently confined at the State Correctional Institution at Huntingdon in Huntingdon, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment conditions-of-confinement claim resulting from exposure to second-hand smoke, also known as environmental tobacco smoke.[1] Presently before the Court is Defendant J. Wetzel's Motion to Dismiss, which is ripe for adjudication.[2] For the reasons that follow, the Court will grant the motion and dismiss Defendant Wetzel without prejudice.

## I. BACKGROUND

Plaintiff was transferred to SCI Huntingdon in August 2016.[3] There, Plaintiff was initially housed with non-smoking cell mates.[4] Eventually, Plaintiff was housed

---

[1] ECF No. 1.
[2] ECF No. 18.
[3] ECF No. 1 at 4.
[4] *Id.*

with smoking cell mates.[5]  In addition, even when he was not housed with smokers, inmates in nearby cells would smoke and then exhale out the door so that he could smell it.  Plaintiff alleges that the smoke aggravated his asthma and, despite repeated grievances, prison staff did not remedy the situation regarding second-hand smoke.[6]  Because of the second-hand smoke, Plaintiff needed to have breathing treatments.[7]  Plaintiff also alleges that he suffered retaliation although it is not clear the form of retaliatory conduct he encountered.[8]  As best as the Court can discern, the retaliation may have been staff members smoking in front of Plaintiff.[9]

Plaintiff names as defendants K. Kauffman, the Superintendent of SCI Huntingdon, M. Yost, the unit manager of one of the housing blocks at SCI Huntingdon, and J. Wetzel, who is the Secretary of the Pennsylvania Department of Corrections.[10]  Relevant to the instant motion, there are no allegations of Defendant Wetzel's involvement in the Complaint other than that being named as a defendant and an allegation that he acted with deliberate indifference for "not [en]forcing his policy of no smoking facility."[11]

---

[5]  *Id.*
[6]  ECF No. 1 at 5.
[7]  *Id.* at 5-6.
[8]  *Id.* at 6-7.
[9]  *Id.*
[10] *See id.* at 2.
[11] *Id.* at 9.

## II. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.[12] When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.[13] The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.[14]

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[15] The court need not accept unsupported inferences,[16] nor legal conclusions

---

[12] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[13] *See Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam).
[14] *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).
[15] *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted).
[16] *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).

cast as factual allegations.[17] Legal conclusions without factual support are not entitled to the assumption of truth.[18]

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face."[19] A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[20] The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion.[21]

## III. DISCUSSION

Plaintiff has brought his constitutional claim against Defendant Wetzel pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

---

[17] *Twombly*, 550 U.S. at 556.
[18] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).
[19] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[20] *Iqbal*, 556 U.S. at 678.
[21] *See* Fed. R. Civ. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[22] "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'"[23] Further, supervisory liability cannot be imposed under § 1983 by *respondeat superior*.[24] "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[25] A plaintiff must show that an official's conduct caused the deprivation of a federally protected right.[26]

---

[22] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).
[23] *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007). *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).
[24] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993).
[25] *Iqbal*, 556 U.S. at 677.
[26] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right.").

Here, the Court must dismiss Defendant Wetzel because the complaint is devoid of any allegation as to his personal involvement regarding second-hand smoke at SCI Huntingdon. As Defendant Wetzel points out, not only is he not mentioned in the factual allegations of the complaint, Plaintiff does not even allege that Defendant Wetzel had any actual knowledge of Plaintiff or his confinement issues with second-hand smoke. The complaint thus lacks any nexus between the facts alleged by Plaintiff and the conclusory allegation that Defendant Wetzel was "deliberately indifferent" for not enforcing a no smoking policy at SCI Huntingdon. Notably, a violation of agency policy alone is not a violation of the Constitution.[27] Further, even considering the allegations in light of the Defendant Wetzel's supervisory role over SCI Huntingdon, a supervisory official has no affirmative constitutional duty to supervise or discipline subordinates so as to prevent the violation of constitutional rights.[28] In the matter at hand, there are simply no allegations of personal involvement, participation, or even knowledge of the wrongs allegedly suffered by Plaintiff. Given the lack of allegations pled by Plaintiff, the complaint fails to state a claim against Defendant Wetzel, who must be dismissed as a party.

---

[27] *See Estrella v. Hogsten*, 2007 WL 2065879 (M.D. Pa. July 16, 2007) (holding that the failure of prison officials to follow their own regulations alone is not a constitutional violation).

[28] *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990).

## IV. CONCLUSION

Based on the foregoing, the Motion to Dismiss will be granted and Defendant Wetzel will be dismissed without prejudice as a party.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge